Kern, Leila R., J.
The plaintiff, James DeFrancesco brought this action pursuant to G.L.c. 30A, §14 to appeal a decision of the Civil Service Commission affirming a decision of the Massachusetts Human Resources Division (HRD) denying him two additional training and experience points on his police promotional exam. Presently before the court is DeFrancesco’s Motion for Judgment on the Pleadings. For the reasons set forth below, the decision of the Commission is affirmed, and the plaintiffs motion is DENIED.
BACKGROUND
The facts are taken from the Administrative Record. DeFrancesco was a police officer for the MIT Police Department from May 18, 1981 until May 22, 1983. On May 23, 1983, DeFrancesco became a member of the Cambridge Police Department. On March 24, 2004, he was promoted to sergeant. On October 20, 2007, he took the civil service promotional exam for lieutenant and received a passing score. In conjunction with the exam, he requested that two points be *445 added to his score pursuant to G.L.c. 31, §59 (the twenty-five — year preference) which provides for two points to be added to the raw score of any officer with over twenty-five years of experience as a regular police officer. As of the date of the exam, DeFrancesco had been an officer with the Cambridge Police Department for twenty-four years and five months. He submitted to the HRD that his two years with the MIT Police Department should be included when calculating his length of service.
On December 21, 2007, HRD denied DeFrancesco’s request for the twenty-five — year preference. DeFrancesco appealed to HRD. The two issues considered on appeal were (1) whether DeFrancesco’s time as an officer with the MIT Police Department should count towards his service “as a member of a regular police force” for purposes of the twenty-five — year preference, and (2) whether the twenty-five — year period should be calculated up to the date the Appointing Authority requisitions the certification, or only up to the date of the exam. HRD determined that DeFrancesco’s time at MIT did not qualify for the twenty-five — year preference calculation and also found that the length of service should be determined as of the date of the exam. On February 11, 2008, HRD denied DeFrancesco’s appeal on the grounds that he would not have tweniy-five years of service as a member of a regular police force until May 23, 2008. DeFrancesco appealed to the Civil Service Commission on March 10, 2008. On December 5, 2008, the Commission affirmed HRD’s decision.
DeFrancesco filed this action for administrative review pursuant to G.L.c. 30A, §14. He claims his substantive and statutory rights have been prejudiced because the Commission’s decision is in excess of its statutoiy authority or jurisdiction, based on error of law, arbitrary, capricious and an abuse of discretion, and otherwise not in accordance with Massachusetts law. DeFrancesco seeks a reversal of the Commission’s December 5, 2008 Finding and Order and an order that two points be added to his exam score.
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), a court may set aside an agency decision only if “the substantial rights of any party may have been prejudiced” because the agency decision is in excess of its statutoiy authority, based on an error of law or on unlawful procedure, arbitrary and capricious, an abuse of discretion, or unwarranted by the facts and unsupported by substantial evidence. Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). In considering whether a decision is supported by substantial evidence, the court considers whether “the cumulative weight of the evidence tends substantially toward opposite inferences.” Cobble v. Commissioner of Dep’t of Soc. Servs., 430 Mass. 385, 391 (1999). In reviewing an agency decision, the court must “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discre-tionaiy authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).
Judicial review of an agency decision is confined to the administrative record, and a court may not substitute its judgment for that of the agency. G.L.c. 30A, §14(5); Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Nor may a court reject an administrative agency’s choice between two conflicting views, even though the court justifiably would have made a different choice had the matter been presented de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). As the party appealing the Commission’s decision, DeF-rancesco bears the burden of demonstrating its invalidity. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Pursuant to G.L.c. 31, §59, “a member of a regular police force ... who has served as such for twenty-five years and who passes an examination for promotional appointment in such force shall have preference in promotion equal to that provided to veterans under the civil service rules.” The law distinguishes between “regular police officers” and “special state police officers.” G.L.c. 22C, §63; Jones v. Wayland, 374 Mass. 249, 255-56 (1989) (reasoning that because there are “numerous instances in the General Laws where the term ‘police officer’ [is] qualified by antecedents such as . . . ‘regular,’ ‘permanent,’ and ‘full-time,” a provision of the statute containing no such restrictive term was intended to cover all police officers, and not just regular police officers). General Laws c. 22C, §63 provides, in relevant part, “[t]he colonel [of state police] may . . . appoint employees of [a] college, university, or other educational institution ... as special state police officers. Such special state police officers shall . . . have the same power to make arrests as regular police officers for any criminal offense committed in or upon lands or structures owned, used or occupied by such college, university, or other institution.” The Commission appropriately reasoned that as DeFrancesco’s authority as a member of the MIT Police Department was derived from c. 22C, §63, he was a member of a special state police force and not a regular police force. As such, the two years spent at MIT did not qualify him for the tweniy-five — year preference as of the date he took the exam.
DeFrancesco also contends that “nothing in the statute states that the official taking the examination cannot obtain credit for experience toward the twenty-five year rule after sitting for the test.” Contrary to this assertion, the plain language of G.L.c. 31, §22 provides; “In any examination, the applicant shall be allowed seven days ... to file with the administrator a training and experience sheet and to receive credit *446 for such training and experience as of the time designated by the administrator.” The written instructions on the training and experience rating sheet completed by DeFrancesco directed him to “rate [his] work experience as of the date of the examination.” Reading the statute and instructions together, it is clear that c. 31, §22 allows HRD to designate the cut-off time for calculating credit, and HRD has elected that credit be calculated as of the date of the exam. This conclusion is supported by prior decisions of the Civil Service Commission. Neville v. Wilmington, 18 MCSR 188 (2005) (holding twenty-five — year preference time spans from applicant’s start date as a full-time civil service police officer to the date of the exam); Clark v. Department of Employment and Training, 7 MCSR 261 (1994) (rejecting appellant’s argument that she would have had the required experience for promotion “had the cut-off date been the date on which the eligible list was established rather than the date of the examination” on the grounds that the Commission, as authorized by c. 31, §22, had determined experience credit was to be calculated as of the date of exam). The Commission was thus justified in affirming HRD’s refusal to award DeFrancesco the twenty-five — year preference.
Pursuant to G.L.c. 30A, §14, the Commission’s decision was not in excess of its statutory authority or jurisdiction, based on error of law, arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with Massachusetts law. The Commission’s December 5, 2008 Finding and Order is therefore affirmed.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs Motion for Judgment on the Pleadings is DENIED. Judgment shall enter for the defendant.